UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC ROBBINS,<br><br>               Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION,<br><br>               Defendant. | **MEMORANDUM & ORDER**<br>22-CV-07648 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff commenced this case in state court seeking to quiet title to a property that he has allegedly occupied for 40 years, and Defendant removed the case to this Court based on diversity jurisdiction. ECF No. 1. Plaintiff has asked the Court to remand the case to state court and to stay a separate state court proceeding in which Defendant is trying to evict him from the property. ECF No. 7. Defendant, on the other hand, asserts that Plaintiff's complaint must be dismissed because it does not comply with the pleading standard described in Rule 8 of the Federal Rules of Civil Procedure and because it fails to state a claim. ECF No. 6. For the reasons set forth below, the Court denies Plaintiff's requests for remand and for a stay and dismisses the complaint with prejudice.

## PROCEDURAL HISTORY

Plaintiff commenced this case in Queens County Supreme Court seeking to quiet title to a property located in that county based on an assertion of adverse possession. ECF No. 1-2 at 4–5. Defendant removed the case to this Court based on diversity jurisdiction because although Plaintiff's complaint does not specify an amount of compensatory damages, Plaintiff seeks punitive damages of $350,000. ECF No. 1 ¶¶ 5–8; ECF No. 1-2 at 15.

Plaintiff alleges that he has resided at the property for which he seeks to quiet title "since he was born" and that he "was raised in th[e] property for the years of his age." ECF No. 1-2 at 5. Plaintiff therefore alleges that he "resided therein [for] over ten years," *see id.* at 6, but the remainder of his complaint consists of a discussion of the legal requirements that apply to adverse possession claims rather than factual allegations that would purportedly demonstrate Plaintiff's claim of adverse possession, *see id.* at 7–13. The majority of that discussion appears to have been copied and pasted from a blog post written in September 2017 by an affiliate of Thomson Reuters, *see id.* at 7–9, and another blog post written in June 2015 by a law firm that specializes in real estate law, *see id.* at 10–13.[1]

Notably, Plaintiff's complaint does not clearly identify the property for which he seeks to quiet title because the complaint mentions two different properties. Plaintiff alleges that he "has been for over 10 years located at 117-55 142nd Street, Jamaica, NY 11435." ECF No. 1-2 at 4. Consistent with that allegation, Plaintiff demands that he "be deemed legal owner[] of title and deed for real property located at 117-55 142nd Street, Jamaica, NY 11435." *Id.* at 15. However, only one page earlier, Plaintiff's complaint demands that he "have and recover against the real property located [at] 249-22 147th Avenue, Rosedale, NY 11422." *Id.* at 14.

In order properly to assess whether diversity jurisdiction exists, the Court ordered Plaintiff to: (a) clarify the property (or properties) for which he seeks to quiet title; and (b) provide legal authority supporting the availability of punitive damages in a quiet title action under New York law. ECF No. 5. The Court also ordered Defendant to file a letter: (a) stating whether it has any ownership interest in the property (or properties) identified in Plaintiff's

---

[1]  *New York Adverse Possession Laws*, FINDLAW (last updated Sept. 15, 2017), https://www.findlaw.com/state/new-york-law/new-york-adverse-possession-laws.html; *Adverse Possession: The Fundamental Elements Have Changed in New York*, WEISS & WEISS (June 17, 2015), https://perma.cc/LC3C-K3FU.

complaint; (b) describing the nature of that ownership interest (or interests); and (c) providing the most recent valuation of the property (or properties), along with the date(s) of those valuation(s). *Id.*

Defendant responded that it has an interest in the Jamaica property mentioned in Plaintiff's complaint but not the Rosedale property. ECF No. 8 at 1. Defendant purchased the Jamaica property for $401,587.00 at a foreclosure sale in February 2020, *see* ECF No. 8-2 at 23, and received title to the property from the referee that conducted the foreclosure sale in September 2020, *see* ECF No. 8-1 at 3. Defendant has also provided a more recent valuation of the Jamaica property from the real estate website Redfin.com, which estimated that the property was worth $549,456.00 in December 2022. ECF No. 8-3 at 2.

Defendant also requested a pre-motion conference regarding a proposed motion to dismiss Plaintiff's complaint. ECF No. 6 at 1. Defendant asserted that Plaintiff's complaint fails to comply with Rule 8's pleading standard because, as described above, the complaint fails to "identify which property is at issue" and also does not "clearly explain why Plaintiff thinks he has a claim for adverse possession." *Id.* at 2. Defendant also asserted that Plaintiff's complaint should be dismissed for failure to state a claim, pursuant to Rule 12(b)(6), because Plaintiff filed papers in the state court foreclosure action that described himself as a "tenant" of his grandfather, who owned the Jamaica property prior to the foreclosure, and Defendant argued that a tenant's occupation of a property is not sufficiently hostile to demonstrate adverse possession. *Id.* at 3. Defendant further argued that since Defendant did not receive the deed to the Jamaica property until September 2020, Plaintiff cannot establish 10 years of adverse possession against Defendant, even if Plaintiff may have occupied the property for more than ten years prior to the foreclosure sale. *Id.*

Plaintiff responded to the Court's order by filing a submission confirming that he seeks to quiet title for the Jamaica property, rather than the Rosedale property. ECF No. 7 at 1. Plaintiff alleged that he has lived at the Jamaica property "all of [his] life since [his] grandparents owned it," which amounts to a period of "over 40 years." *Id.* Plaintiff's submission requested that the Court "hold in abeyance" eviction proceedings that Defendant had commenced against him in Queens County Civil Court. *Id.* at 4; *see Bank of Am., N.A. v. Bolden*, No. LT-305986-22/QU (N.Y. Civ. Ct. Queens Cty. filed Apr. 27, 2022) (NYSCEF No. 1). Plaintiff also argued that the Court should deem his complaint to be adequate since Plaintiff originally commenced this case in state court, in which Rule 8's pleading requirements do not apply. ECF No. 7 at 5. Finally, Plaintiff asked the Court to "restor[e] my case back to state Supreme Court in Queens," which the Court interprets as a request to remand the case to state court. *Id.* Plaintiff's submission did not provide any legal authority addressing the availability of punitive damages for a claim to quiet title according to New York law, as requested by the Court. *See* ECF No. 7.

In the state court eviction proceedings, Plaintiff moved to dismiss Defendant's petition seeking eviction and also asked the state court to stay the eviction proceedings while this case is pending. *Bank of Am., N.A. v. Bolden*, No. LT-305986-22/QU (N.Y. Civ. Ct. Queens Cty. filed Oct. 25, 2022) (NYSCEF No. 7). The state court recently denied that motion in a decision issued on September 1, 2023, and set a hearing date for the eviction proceeding on October 6, 2023. *Id.* (NYSCEF No. 15). Defendant has, however, asked to adjourn that appearance due to the unavailability of its counsel, so it is unclear when exactly the eviction hearing will take place. *See id.* (NYSCEF No. 16).

## **LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint," along with any document for which "the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021). Courts are also "permitted to consider matters of which judicial notice may be taken." *Simmons v. Trans Express Inc.*, 16 F.4th 357, 360 (2d Cir. 2021).

Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To satisfy this standard, the complaint must at a minimum disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019). "Rule 8 of the Federal Rules of Civil Procedure demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Dettelis v. Sharbaugh*, 919 F.3d 161, 163 (2d Cir. 2019).

---

[2] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020). Typically, "a *pro se* complaint should not be dismissed without granting leave to amend at least once" whenever the Court "cannot rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Elder v. McCarthy*, 967 F.3d 113, 132 (2d Cir. 2020).

With respect to the question of subject matter jurisdiction, Defendant, as the party invoking the Court's jurisdiction, has the burden of "prov[ing] jurisdiction by a preponderance of evidence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617 (2d Cir. 2019). If "jurisdictional facts are placed in dispute," then the Court "has the obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 441 (2d Cir. 2022). The Court has the authority to weigh conflicting facts related to the issue of jurisdiction and is required to "leave the jurisdictional issue for the trial" only if "the overlap in the evidence is such that fact-finding on the jurisdictional issue will adjudicate factual issues required by the Seventh Amendment to be resolved by a jury." *Alliance for Env't Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 (2d Cir. 2006). The Second Circuit has emphasized that the existence of such an overlap requiring the "deferral of a jurisdictional issue until trial is an extremely unusual situation." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 444 n.7 (2d Cir. 2019).

The Court finds it appropriate to decide Defendant's proposed motion to dismiss and Plaintiff's requests for remand and a stay based solely on the parties' pre-motion letters because,

6

as demonstrated by the discussion in the remainder of this decision, Plaintiff's complaint and requests for relief "clearly lack merit." *See Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 54 (2d Cir. 2022) (describing the circumstances in which district courts may decide proposed motions based on pre-motion letters).

## DISCUSSION

As a threshold issue, the Court concludes that diversity jurisdiction exists. The allegations in Plaintiff's complaint establish that he is a citizen of New York. ECF No. 1-2 at 4–5. Defendant is a citizen of North Carolina, and no other state, because it has its main office in North Carolina, which is the dispositive fact in deciding the citizenship of a national banking association. ECF No. 1 ¶ 6; *see OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 219 (2d Cir. 2016) (holding "that a national bank is a citizen only of the state listed in its articles of association as its main office"). In a lawsuit seeking to quiet title to a property, "the amount in controversy is measured by the value of the object of the litigation," meaning the value of the property at issue. *Khan v. CXA-16 Corp.*, No. 16-cv-6672, 2017 WL 1906885, at *3 (S.D.N.Y. May 5, 2017) (denying motion to remand because the property at issue had been sold for more than $75,000 approximately one year before plaintiff commenced his quiet title action). Even if the Court were to ignore Plaintiff's request for punitive damages, both of the valuations of the Jamaica property that Defendant has provided indicate that the property is worth significantly more than $75,000. ECF No. 8-2 at 23; ECF No. 8-3 at 2.

The Court has detected no procedural defect in Defendant's removal of the case. Defendant says that although it was never served with a copy of Plaintiff's state court complaint, it removed the case within 30 days of becoming aware of this lawsuit, *see* ECF No. 1 ¶ 3, as required by 28 U.S.C. § 1446(b)(1), and Plaintiff has not contested Defendant's assertion, *see*

7

ECF No. 7.  Although Plaintiff asserts that Defendant "fail[ed] . . . to issue notices [of removal] to all necessary parties," *see* ECF No. 7 at 6, Plaintiff's complaint names only a single defendant, *see* ECF No. 1-2, so Defendant was not required to seek another defendant's consent to removal pursuant to 28 U.S.C. § 1446(b)(2).  The Court, therefore, holds that this case was properly removed and denies Plaintiff's request to remand the case to state court.

The Court rejects Plaintiff's request to order the Queens County Civil Court to hold the eviction proceedings against him "in abeyance" while this case is pending.  ECF No. 7 at 4.  Such relief would be barred by the Anti-Injunction Act, which provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  "Courts in this Circuit have long held that the Anti-Injunction Act applies to state-court evictions proceedings."  *Gomez v. Yisroel*, No. 21-cv-2172, 2021 WL 2138462, at *4 (S.D.N.Y. May 26, 2021) (denying injunctive relief against "the execution of [an] eviction warrant" issued by state court); *see also Reeves v. CMP Consultants, Inc.*, No. 23-cv-1308, 2023 WL 2163327, at *4 n.2 (S.D.N.Y. Feb. 22, 2023) (denying temporary restraining order against state court eviction proceeding for same reason).

Plaintiff's complaint must be dismissed because it fails to comply with Rule 8.  Contrary to Plaintiff's contention, "Rule 8 applies to removed state law claims, as well as to state law claims originally filed in federal court."  *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 379 F. Supp. 2d 348, 368 n.43 (S.D.N.Y. 2005).  "To establish [a] claim for adverse possession, [a] plaintiff[] [is] required to prove that [his] possession of the disputed property was '(1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required 10-year period.'"  *Sills v. Moorings Prop., LLC*, 194 N.Y.S.3d 178,

181 (3d Dep't 2023) (quoting *Walling v. Przybylo*, 851 N.E.2d 1167, 1169 (N.Y. 2006)); *see also Belli v. Paul Belli, LLC*, 169 N.Y.S.3d 83, 85 (2d Dep't 2022) (describing same elements).

As described above, Plaintiff's complaint seeks to quiet title for one particular property yet mentions two different properties without explaining what relevance, if any, the second property has to his claim. *See* ECF No. 1-2. The complaint's assertion that Plaintiff lived at his grandfather's property for more than ten years, followed by a summary of various legal principles that apply to adverse possession claims, with no explanation of how the facts of his claim comport with those principles, amounts to nothing more "than an unadorned, the-defendant-unlawfully-harmed-me accusation" that fails to comply with Rule 8. *See Dettelis*, 919 F.3d at 163.

If the failure of Plaintiff's complaint to comply with Rule 8 were the only defect in his claim, the Court would likely grant leave to replead. However, Plaintiff's complaint and other submissions demonstrate that he cannot possibly amend his complaint to assert a viable adverse possession claim. First, Plaintiff cannot demonstrate that he adversely possessed the property from his grandfather prior to the foreclosure proceedings because Plaintiff's papers make clear that he was living at the property with his grandfather's permission. For example, Plaintiff describes himself as "just a family member living with my grandfather for over 40 years." ECF No. 7 at 4. Plaintiff, therefore, cannot satisfy the hostility requirement for adverse possession vis-à-vis his grandfather because "New York courts have found that a familial relationship is not accorded the benefit of a presumption of hostility." *Jaffer v. Hirji*, No. 14-cv-2127, 2015 WL 6473033, at *9 (S.D.N.Y. Oct. 27, 2015), *aff'd*, 887 F.3d 111, 117–18 (2d Cir. 2018) (granting motion for judgment on the pleadings dismissing adverse possession claim against family members because "the [a]mended [c]omplaint alleges that [p]laintiffs' occupation of the

[p]roperty was consensual"); *see also Est. of Becker v. Murtagh*, 968 N.E.2d 433, 438 (N.Y. 2012) (explaining that "hostility is negated by seeking permission for use from the record owner"). Although Plaintiff asserts that he "put in over 200K dollars of renovations and fixing" the property, *see* ECF No. 7 at 2, those efforts are insufficient to establish adverse possession while occupying the property with the owner's permission. *See Lindine v. Iasenza*, 15 N.Y.S.3d 248, 251 (3d Dep't 2015) (affirming dismissal of adverse possession claim against family members despite plaintiff's allegation that she "paid all taxes and expenses for the property").

Second, Plaintiff cannot demonstrate that he has adversely possessed the property against Defendant for the 10-year period required by New York law because the referee's deed conveyed to Defendant indisputably demonstrates that Defendant did not take ownership of the property until September 2020. ECF No. 6-1; *see Herrmann v. Bank of Am., N.A.*, 97 N.Y.S.3d 344, 348 (3d Dep't 2019) (affirming dismissal of plaintiff's adverse possession claim "[b]ecause 10 years had not yet passed since the time of the [foreclosure] sale when plaintiff commenced the real property action").[3] Only three years have elapsed since that time. Plaintiff, therefore, cannot

---

[3] The Court may consider the deed transferring the Jamaica property to Defendant in deciding whether to dismiss Plaintiff's complaint because the Court's ability to take judicial notice of documents extends to "documents from official government websites." *Rynasko v. N.Y. Univ.*, 63 F.4th 186, 191 n.4 (2d Cir. 2023). The copy of the deed provided by Defendant was retrieved from the City of New York's Automated City Register Information System website ("ACRIS"). ECF No. 6-1. Multiple district courts within the Second Circuit have held that property records made available on ACRIS are subject to judicial notice and, therefore, can be relied on when granting a motion to dismiss. *See, e.g.*, *Fawn Second Ave. LLC v. First Am. Title Ins. Co.*, 610 F. Supp. 3d 621, 628, 633 (S.D.N.Y. 2022) (taking judicial notice of ACRIS records because "New York County's real property records" were "undoubtedly proper subjects of judicial notice" and dismissing complaint); *Stewart v. Loring Estates LLC*, No. 18-cv-2283, 2020 WL 3002363, at *10 (E.D.N.Y. Feb. 26, 2020), *report and recommendation adopted in full*, 2020 WL 1231783 (E.D.N.Y. Mar. 13, 2020) (explaining that "the Court may take judicial notice of public documents available at the ACRIS website" and relying on those documents to dismiss *pro se* complaint).

establish adverse possession either from his grandfather prior to the foreclosure of the property or from Defendant after the foreclosure.

## **CONCLUSION**

For the reasons set forth above, the Court DENIES Plaintiff's request to remand this case to state court and DENIES Plaintiff's request to stay the state court eviction proceedings against him. *See* ECF No. 7. Additionally, the Court GRANTS Defendant's request to dismiss Plaintiff's claims without leave to amend. *See* ECF No. 6. The Clerk of Court is respectfully directed to enter judgment in favor of Defendant, to close this case, and to mail to the *pro se* Plaintiff a copy of this order, the judgment, and the unpublished cases cited in this order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, denies Plaintiff *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                                            */s/ Hector Gonzalez*
                                                            HECTOR GONZALEZ
                                                            United States District Judge

Dated: Brooklyn, New York
       September 13, 2023